UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUSTIN E. COOK,                                                                    Plaintiff,

v.                                                          Civil Action No. 3:17-cv-471-DJH-DW

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.,                                            Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

This action follows from a car wreck between Plaintiff Justin Cook and an off-duty police officer, resulting in Cook's arrest.  (Docket No. 10)  Cook brings this action against Defendant Louisville/Jefferson County Metro Government and Louisville Metro Police Department Officer Zachariah Aubrey, alleging violations of state law and seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  (*See id.*)  Louisville Metro moves to dismiss all claims against it.  (D.N. 11)  Because Cook fails to state a claim upon which relief may be granted as to Louisville Metro, the Court will grant Louisville Metro's motion to dismiss.

## I.       Background

The following facts are set out in the complaint and accepted as true for purposes of the present motions.  *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

In June 2016, Cook fell asleep while driving.  (D.N. 10, PageID # 230)  As a result, he veered over the center line and struck Aubrey's personal car.  (*Id.*)  Aubrey was off-duty at the time.  (*Id.*, PageID # 233)  Cook alleges that after the collision, Aubrey pointed a gun at him, screamed expletives, and dragged him out of his car.  (*Id.*, PageID # 231)  Aubrey kicked Cook in the ribs and ignored Cook's attempt to comply with Aubrey's orders.  (*Id.*)  The confrontation

1

continued, with Aubrey eventually jumping on top of Cook and driving Cook's chin into the pavement. (*Id.*) Ultimately, additional officers arrived at the scene, conducted a field sobriety test, and placed Cook under arrest. (*Id.*, PageID # 232) Cook maintains that during the entire ordeal, he was not combative nor did he resist arrest. (*Id.*)

The Jefferson County Attorney's Office brought charges against Officer Aubrey for his actions during the encounter with Cook. (*Id.*, PageID # 232) A jury convicted Aubrey of official misconduct in the second degree for his violation of LMPD's Standard Operating Procedures and his unauthorized exercise of official functions. (*Id.*, PageID # 233–34)

Cook filed suit in Jefferson County Circuit Court on June 12, 2017.[1] (*See* D.N. 1-3) While a motion to dismiss by Louisville Metro was pending, Cook moved to amend his complaint to add alleged violations of the U.S. Constitution. (*See* D.N. 1-6) The state court granted his motion. (*See* D.N. 1-7) On August 3, 2017, Louisville Metro removed the action to this Court on the basis of federal-question jurisdiction. (D.N. 1) Thereafter, Louisville Metro filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. (D.N. 4) In light of Cook's motion to file a second amended complaint (D.N. 5), the Court denied Louisville Metro's motion and granted Cook leave to file a second amended complaint. (D.N. 9)

In his second amended complaint, Cook divides his original federal claim into three counts: (i) violation of the Fourth Amendment, (ii) violation of due process, and (iii) failure to train, supervise, audit, and discipline. (D.N. 10, PageID # 235–38) Cook also alleges various violations of state law. (*Id.*, PageID # 238–41) Louisville Metro now moves to dismiss Cook's

---

[1] In his initial and amended complaints, Cook incorrectly identifies Defendant Louisville Metro as "Louisville-Jefferson County Metropolitan Government." (*See* D.N. 1-3, PageID # 9; D.N. 1-8, PageID # 41; D.N. 10, PageID # 228) However, the statute that authorized the governments of Jefferson County and the City of Louisville to merge states that the consolidated local government shall be known as "[Louisville]/[Jefferson] County Metro Government." *See* Ky. Rev. Stat. § 67C.101(6).

second amended complaint pursuant to Rule 12 and to stay discovery pending a ruling on the motion to dismiss.  (D.N. 11; D.N. 12)  Cook failed to respond to either motion.[2]

## II.       Standard

In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief.  *Id.* at 679. The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  at 678 (citing *Twombly*, 550 U.S. at 555).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Furthermore, "[w]hile a complaint will survive a motion to dismiss if it contains either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory . . . legal conclusions masquerading as factual allegations will not suffice."  *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (internal quotations omitted).

## III.      Discussion

In its motion to dismiss, Louisville Metro raises two arguments.  First, Louisville Metro argues that it is entitled to sovereign immunity as to Cook's state-law claims.  (D.N. 11, PageID # 244)  The Court agrees.  "[U]rban county governments constitute a new classification of

---

[2] Cook filed a response to Louisville Metro's previous motion to dismiss, however.  (*See* D.N. 6) The Court will consider the arguments raised by Cook in his previous response, given that they are relevant to the current motion to dismiss.

county government . . . [and are] entitled to sovereign immunity." *Lexington-Fayette Urban Cty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004); *see also* Ky. Rev. Stat. § 67C.101(2)(e) (granting to consolidated local governments "the same sovereign immunity granted to counties, their agencies, officers, and employees"). Although Cook maintains that "the state claims found in the conduct complained of . . . are not directed at Louisville Metro" (D.N. 6, PageID # 147), his second amended complaint asserts three state-law claims against "the Defendants, including The City and The Department." (D.N. 10, PageID # 238–40) Thus, to the extent Cook asserts any state-law claims against Louisville Metro, those claims are barred by sovereign immunity.[3]

Second, Louisville Metro argues that it is entitled to dismissal of Cook's claims for relief under § 1983 because Cook's allegations are merely formulaic recitations of the elements of a § 1983 claim. (D.N. 11, PageID # 245–46 (citing *Iqbal*, 556 U.S. at 678)) Even when viewing Cook's second amended complaint in the light most favorable to him, *see Tackett,* 561 F.3d at 488, the Court agrees with Louisville Metro.

Section 1983 suits against municipalities "must assert both an alleged constitutional violation and a claim that the city was responsible for the violation." *New v. Louisville Metro Gov't*, No. 3:15-cv-653-DJH, 2016 WL 1268299, at *3 (W.D. Ky. Mar. 31, 2016) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992)). In his second amended complaint's first two counts, Cook alleges that Louisville Metro is responsible for Aubrey's alleged violations of the Fourth Amendment and Due Process Clause of the Constitution because of "[its] authorization, condonation, and ratification" of his acts. (D.N. 10, PageID # 236, 237)

_____

[3] Cook's claims under the Kentucky Constitution similarly fail. *See Alexander v. Univ. of Ky.*, No. 5:10-CV-48-REW, 2012 U.S. Dist. LEXIS 46173, at *32 (E.D. Ky. Mar. 28, 2012) (finding that Kentucky constitutional claims against "an arm of the Commonwealth" are barred by sovereign immunity) (citing *Clevinger v. Bd. of Educ. of Pike Cty.*, 789 S.W.2d 5, 9 (Ky. 1990)).

To succeed on his ratification claim, Cook "must adequately allege . . . that an official with final decision making authority ratified illegal actions." *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Ratification claims are often analyzed as failure-to-investigate claims. *See, e.g.*, *Askew v. City of Memphis*, No. 14-cv-02080-STA-tmp, 2016 WL 3748609, at *14 (W.D. Tenn. July 8, 2016) ("A municipality may be held liable under § 1983 when the responsible law enforcement official has 'ratified' unconstitutional conduct by failing to investigate complaints of constitutional violations."); *Morrison v. Bd. of Trs. of Green Twp.*, 529 F. Supp. 2d 807, 825 (S.D. Ohio 2007), *aff'd*, 583 F.3d 394 (6th Cir. 2009) ("To be liable under a [§ 1983] ratification theory, the municipality's failure to investigate must be indicative of an official policy."). A single decision can constitute a municipal policy "if that decision is made by an official who possesses final authority to establish municipal policy with respect to the action ordered, which means that his decisions are final and unreviewable and are not constrained by the official policies of superior officials." *Flagg v. City of Detroit*, 715 F.3d 165, 174–175 (6th Cir. 2013) (internal citation and quotations omitted); *see also Gough v. Louisville-Jefferson Cty. Metro Gov't*, No. 3:12-cv-849-DJH-CHL, 2017 WL 2272079, at *7 (W.D. Ky. May 24, 2017) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (internal alteration omitted))). However, "ratification of a subordinate's action requires more than acquiescence—it requires affirmative approval of a particular decision made by a subordinate." *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988) (plurality opinion)).

Cook fails to allege that Louisville Metro affirmatively approved Aubrey's behavior through an official policy. Indeed, his complaint reveals that Louisville Metro initiated an investigation into Aubrey's actions following the events in question precisely because Aubrey violated LMPD policies. (D.N. 10, PageID # 234) Cook does not allege that Louisville Metro failed to adequately investigate the incident or otherwise approved Aubrey's conduct. (*See* D.N. 10) Instead, he merely presents a legal conclusion masquerading as a factual assertion, which does not suffice.[4] *See Phila. Indem. Ins. Co.*, 732 F.3d at 649. His first two federal claims therefore fail.

In his second amended complaint's third count, Cook alleges that Louisville Metro was

> deliberately indifferent to, or negligently failed to recognize, the need to properly train, supervise, audit, and discipline . . . Officer Aubrey . . . in areas of warrant requirements, probable cause, search and seizure implementation and its limitations, stop and frisk implementation and its limitations, and limitations on the use of force, including de-escalation procedures.

(D.N. 10, PageID # 238) "Inadequate training can serve as the basis for municipal liability under § 1983 where it 'amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Roell v. Hamilton Cty., Ohio/Hamilton Cty. Bd. of Cty. Comm'rs*, 870 F.3d 471, 487 (6th Cir. 2017) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To succeed on this claim, Cook "must show '(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of [Louisville Metro's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the

---

[4] This Court's decision in *New v. Louisville Metro Government* does not aid Cook. There, the Court allowed the plaintiff to proceed with his § 1983 claim since he alleged that his injury "was the result of customs and practices of [the municipality] that were contrary to or expressly violated written policies of the LMPD, and that such customs and practices were the 'moving force' behind his injury." 2016 WL 1268299 at *3. Here, Cook fails to allege that Aubrey's actions stemmed from a Louisville Metro "custom." (*See* D.N. 10) Indeed, the words "custom" and "practice" do not even appear in Cook's second amended complaint. (*See id.*)

plaintiff's injury.'" *Brown v. Chapman*, 814 F.3d 447, 463 (6th Cir. 2016) (quoting *Plinton v. Cty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008)). A plaintiff may show deliberate indifference in two ways: (1) by indicating "prior instances of unconstitutional conduct demonstrating that [Louisville Metro] had notice that the training was deficient and likely to cause injury but ignored it," or (2) by indicating "a single violation of federal rights, accompanied by a showing that [Louisville Metro] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Harvey v. Campbell Cty., Tenn.*, 453 F. App'x 557, 562–63 (6th Cir. 2011). Deliberate indifference based on a single violation of rights, however, requires "a complete failure to train the police force, training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result." *Id.* at 567.

In his second amended complaint, Cook does not allege that Louisville Metro had notice that its training was deficient, nor does Cook cite other instances of unconstitutional conduct on the part of LMPD officers. (*See* D.N. 10, PageID # 238) To proceed with his claim, Cook must adequately plead deliberate indifference based on a single violation of rights. But Cook fails to make any factual allegations to support his assertion beyond a "formulaic recitation" that Louisville Metro acted with deliberate indifference. *Twombly*, 550 U.S. at 555. (*See also* D.N. 10) This Court and others within this Circuit have consistently dismissed such bare-bones assertions of deliberate indifference. *See Phillips v. PTS of Am., LLC*, No. 3:17-cv-00603-JHM, 2017 WL 4582801, at *2 (W.D. Ky. Oct. 13, 2017); *Sollenberger v. Sollenberger*, 173 F. Supp. 3d 608 (S.D. Ohio 2016); *Flanigan v. Cty. of Oakland*, No. 15-12504, 2016 WL 304763 (E.D. Mich. Jan. 26, 2016); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931 (M.D. Tenn. 2012); *see also Pack v. City of Louisa Police Dep't.*, No. 05–23–HRW, 2006 WL 2349618 (E.D.

Ky. Aug. 11, 2006) (dismissing the action at the summary judgment stage because of the plaintiff's conclusory attempts to allege deliberate indifference).

Ultimately, the underlying conduct in question involves an off-duty officer who aggressively and wrongfully acted in response to Cook's collision with the officer's personal car. This is not the sort of single-incident liability contemplated by the Supreme Court. *See Gough*, 2017 WL 2272079, at *8 ("[S]ingle-incident liability would apply where a municipality failed to train officers for a perilous situation they were likely to encounter while on duty and unlikely to know how to address in the absence of specific training.") (citing *Connick v. Thompson*, 563 U.S. 51 (2011); *City of Canton v. Harris*, 489 U.S. 378 (1989)). The Court thus finds that dismissal of Cook's failure-to-train claim is warranted at this stage.

### IV.    Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Louisville Metro's motion to dismiss (D.N. 11) is **GRANTED**.

(2)    Cook's claims against Louisville Metro are **DISMISSED** with prejudice.

(3)    The Clerk of Court is **DIRECTED** to terminate Louisville/Jefferson County Metro Government as a defendant in the record of this matter.

(4)    Louisville Metro's motion to stay discovery pending a ruling on its motion to dismiss (D.N. 12) is **DENIED** as moot.

January 22, 2018

**David J. Hale, Judge**
**United States District Court**